THE EMPIRE MANUFACTURING COMPANY OF GRAND RAPIDS
v. WILLIAM J. STUART.

*Liability on paper issued in a corporate name—Handwriting.*

A company supposing itself to be incorporated issued paper in its corporate name, but afterwards finding that it was not properly organized, dissolved and was legally incorporated under a different name. *Held* that it could not repudiate its paper.

The dissolution of a company not regularly incorporated, but supposing itself to be so, does not prevent creditors from looking to the old organization for payment.

The testimony of one who swears that he knows another's handwriting either from having seen him make his signature, or from business correspondence apparently signed by him, is competent in proving the latter's indorsement.

Error to Kent.    Submitted June 28.    Decided July 1.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*Eugene Carpenter* for plaintiff in error.    The contract of a private corporation cannot make it perpetual contrary to public policy and the object of its charter: *Mumma v. Potomac Company* 8 Pet. 287; nor can a judgment be rendered or revived against a defunct corporation: *Bonaffe v. Fowler* 7 Paige 576; Thompson's Liability of Stockholders § 3; *Greeley v. Smith* 3 Story 657; *Merrill v. Suffolk Bank* 31 Me. 57; an act of user will not estop a corporation *de facto*, nor its stockholders, from denying corporate existence: *Hudson v. Carman* 41 Me. 84; *Unity Ins. Co. v. Cram* 43 N. H. 636; *Utley v. Union Tool Co.* 11 Gray 139; *Gardner v. Post* 43 Penn. St. 19; *Harriman v. Southam* 16 Ind. 190; *Jones v. Cincinnati Type Co.* 14 Ind. 89; *Heaston v. Cincinnati R. R.* 16 Ind. 275; a witness to handwriting cannot compare the disputed signature with that on any document not in the case and relevant to the issue: 2 Phil. Ev. (C. & H. notes) 615, n. 2, 483; Roscoe's Crim. Ev. 163; 2 Stark. Ev. (6th Am. ed.) 374, n. *h.*; Peake's Ev. (5th ed.) 155; *Doe v. Newton* 5 Ad. & El. 514; 1 Greenl. Ev. § 578; *Vinton v. Peck* 14 Mich. 287; *Van Sickle v. People* 29 Mich. 61; *Foster's Will* 34 Mich. 21; *State v.*

*Ward* 39 Vt. 225; *Richardson v. Newcomb* 21 Pick. 315; *Chandler v. LeBarron* 45 Me. 536; *Lyon v. Lyman* 9 Conn. 55; *Adams v. Field* 21 Vt. 256; *Myers v. Toscin* 3 N. H. 47; *Bowman v. Sanborn* 25 N. H. 97; *Guffey v. Deeds* 29 Penn. St. 378; *Travis v. Brown* 43 Penn. St. 17; *Robertson v. Miller* 1 McMul. 120; *Baker v. Mygatt* 14 Ia. 131; in some States such papers are admissible only where there is other proof of handwriting: *State v. Carr* 5 N. H. 367; *Boman v. Plunkett* 2 McC. 518; *Duncan v. Beard* 2 Nott & McC. 401; or when they are conceded to be genuine: *McCorkle v. Binns* 5 Binn. 340; *Lancaster v. Whitehill* 10 S. & R. 110; a paper cannot be shown to be an original merely by the opinion of a witness: *Com. v. Eastman* 1 Cush. 217; *Martin v. Maguire* 7 Gray 177; *Bacon v. Williams* 13 Gray 525; the witness must have seen the person write or know his acknowledged signature: *Brigham v. Peters* 1 Gray 145.

*Stuart & Sweet* for defendant in error. A corporation can be dissolved only by the concurrence of the parties or by a judgment: *Town v. Bank of River Raisin* 2 Doug. (Mich.) 538; *Kincaid v. Dwinelle* 59 N. Y. 548; *Lake Ontario Nat. Bank v. Onondaga County Bank* 7 Hun 549; *Portland Dry Dock Co. v. Portland* 12 B. Mon. 77.

MARSTON, C. J. The plaintiff in error was sued upon a promissory note given by it in its corporate name. The principal defence relied upon was that the company, by mistake, was not, at the time of giving the note, properly organized under any law of this State; that afterwards, upon ascertaining this fact, the corporation was dissolved and a new corporation formed under a different name. This corporation was one that could have been legally organized under laws existing at the time of its formation. The business for which it was organized, that of manufacturing, was one authorized, and having attempted to organize in good faith, and having, in the course of its business, given negotiable paper in its corporate name, it could not afterwards repudiate the transaction or evade responsibility when sued

thereon, by setting up its own mistake, affecting its original organization. *Merchants' etc., Bank v. Stone* 38 Mich. 779.

The dissolution would not deprive the creditors of still following and looking to the old organization for payment. Our statute allows three years after dissolution, for certain purposes, in winding up the affairs. 1 Comp. Laws § 3435.

The execution of the note sued upon was not denied at the time of joining issue, but it was still insisted that this did not admit or dispense with proof of the endorsements thereon. Proof of the endorsements was given and the only question relates to the sufficiency of the same. The evidence introduced was competent for such purpose.* A more

---

*And the attorney for the plaintiff then called Abram S. Hall, as a witness for the said plaintiff, who being sworn on the part of the plaintiff, testified as follows, the stenographer being present and reporting the case:

(Examined by Mr. Sweet.)

Q. Mr. Hall, look at that note (handing witness note) and state to the court, whether you have computed the amount of interest upon it?

A. I have.

Q. What is the amount?

A. The amount of interest is $5.39.

Q. The principal is $167.86? A. Yes, sir.

Q. This is figured from what time, the maturity of the note, or the date of it?

A. From the maturity of the note. It was drawn up for three months. It was figured at 7 per cent. •

(Note read.)

Q. Mr. Hall, are you acquainted with the handwriting of Henry H. Dennis, of the Farmers' and Mechanics' Bank, by correspondence or seeing his writing? A. I am to some extent.

Q. Do you know what position he has as an officer of the bank?

A. Assistant cashier.

Q. What bank? A. The Farmers' Mechanics' Bank.

Q. Look at that endorsement and state whether in your opinion it is his endorsement?

Objected to on the ground that the witness is not proved to be an expert. The Court:—I suppose the witness can state whether or not he knows the handwriting of Dennis.

The Witness:—Yes, sir; I do.

Q. State whether the endorsement is by him?

A. Yes, sir; it looks just like his writing.

Q. In your opinion it is his writing? A. Yes, sir.

Q. State whether from correspondence and papers you are acquainted with the handwriting of J. S. & M. Peckham?

A. I have seen letters that came from their office.

Q. You have had correspondence with them so you would know their signature? A. Yes, sir; I do.

Objected to as incompetent; objection overruled; exception taken.

Q. State whether that is their endorsement?

A. I think it is in their handwriting.

stringent rule, is not required for the protection of the defendant.

As we discover no error in the record the judgment must be affirmed with costs.

The other Justices concurred.